IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



FLOYD HARVEY HODO, §
§
      Plaintiff, §
§
VS. § NO. 4:19-CV-153-A
§
JOEL FITZGERALD, ET AL., §
§
      Defendants. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant S. Madurski ("Madurski")[1] to dismiss. The court, having considered the motion, the response of plaintiff, Floyd Harvey Hodo, the reply, the record, and applicable authorities, finds that the motion should be granted.

This is an excessive force case where plaintiff alleges that Madurski, a police officer, ran over his legs with a police vehicle, crushing them and causing plaintiff to be unable to walk for a period of time. Madurski says that plaintiff has not pleaded sufficient facts to overcome his right to qualified immunity.

Qualified immunity insulates a government official from civil damages liability when the official's actions do not "violate clearly established statutory or constitutional rights

---

[1]Madurski is the sole remaining defendant in this action.

of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). For a right to be "clearly established," the right's contours must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). Individual liability thus turns on the objective legal reasonableness of the defendant's actions assessed in light of clearly established law at the time. Hunter v. Bryant, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 639-40. In Harlow, the court explained that a key question is "whether that law was clearly established at the time an action occurred" because "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." 457 U.S. at 818. In assessing whether the law was clearly established at the time, the court is to consider all relevant legal authority, whether cited by the parties or not. Elder v. Holloway, 510 U.S. 510, 512 (1994). If public officials of reasonable competence could differ on the lawfulness of defendant's actions, the defendant is entitled to qualified immunity. Mullenix v. Luna, 136 S. Ct. 305, 308 (2015); Malley v. Briggs, 475 U.S. 335, 341 (1986); Fraire v. City of Arlington, 957 F.2d 1268, 1273 (5th

Cir. 1992). "[A]n allegation of malice is not sufficient to defeat immunity if the defendant acted in an objectively reasonable manner." Malley, 475 U.S. at 341.

In analyzing whether an individual defendant is entitled to qualified immunity, the court considers whether plaintiff has alleged any violation of a clearly established right, and, if so, whether the individual defendant's conduct was objectively reasonable. Siegert v. Gilley, 500 U.S. 226, 231 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 276-80 (5th Cir. 1992). In so doing, the court should not assume that plaintiff has stated a claim, i.e., asserted a violation of a constitutional right. Siegert, 500 U.S. at 232. Rather, the court must be certain that, if the facts alleged by plaintiff are true, a violation has clearly occurred. Connelly v. Comptroller, 876 F.2d 1209, 1212 (5th Cir. 1989). A mistake in judgment does not cause an officer to lose his qualified immunity defense. In Hunter, the Supreme Court explained:

> The qualified immunity standard "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Malley, [475 U.S.] at 343. . . . This accommodation for reasonable error exists because "officials should not err always on the side of caution" because they fear being sued.
> . . .

502 U.S. at 229. Further, that the officer himself may have created the situation does not change the analysis. That he could

have handled the situation better does not affect his entitlement to qualified immunity. Young v. City of Killeen, 775 F.2d 1349, 1352-53 (5th Cir. 1985).

When a defendant relies on qualified immunity, the burden is on the plaintiff to negate the defense. Kovacic v. Villarreal, 628 F.3d 209, 211 (5th Cir. 2010); Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994). Although Supreme Court precedent does not require a case directly on point, existing precedent must place the statutory or constitutional question beyond debate. White v. Pauly, 137 S. Ct. 548, 551 (2017). That is, the clearly established law upon which plaintiff relies should not be defined at a high level of generality, but must be particularized to the facts of the case. Id. at 552. Thus, the failure to identify a case where an officer acting under similar circumstances was held to have violated plaintiff's rights will most likely defeat the plaintiff's ability to overcome a qualified immunity defense. Id.

On February 19, 2019, plaintiff filed his complaint in this action, naming Joel Fitzgerald, Chief of Police, and Madurski as defendants. Doc.[2] 1. By order and final judgment signed February 20, 2019, the court dismissed the claims against Fitzgerald and

---

[2] The "Doc. __" reference is to the number of the item on the docket in this action.

allowed plaintiff to pursue his claims against Madurski. Docs. 6 & 7. The February 20 order recited:

> Plaintiff alleges that Madurski ran over plaintiff with his police vehicle, crushing both of plaintiff's legs and causing him to be in a wheelchair for over six months. Investigating officers determined that Madurski used excessive force and described the incident as police brutality.

Doc. 6 at 1. Plaintiff now hangs his hat on the quoted language to argue that the court is bound by its determination that plaintiff should be allowed to proceed. Doc. 19 at 4-6.

As Madurski points out, plaintiff relies on the report of an investigation of the incident ("given a claim #") by "investigating officers with Internal Affairs," which he says "described [Madurski's acts] as excessive use of force and police brutality." Doc. 1 at 4. Accordingly, Madurski has provided a copy of the police investigation report, which the court can take into account in ruling on the motion. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000)(the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims). And, where, as here, there is a conflict between the plaintiff's allegations and the exhibits to his pleading, the exhibits control. Simmons v. Peavy-Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir. 1940). The court may also take into account matters of public record. Papasan v. Allain, 478 U.S. 265, 268

n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003).[3]

As Madurski notes, plaintiff's complaint does not include much more than conclusory allegations. With regard to what Madurski did, plaintiff alleges, "I was ran [sic] over by [Madurski] and both of my leg's [sic] were crushed under the police vehicle. Doc. 1 at 4. He does not allege any facts to show that Madurski acted deliberately or intentionally to harm him. One could surmise intentional action to harm plaintiff from the recited investigative finding of "excessive use of force and police brutality," but the police report itself belies such allegation. Doc. 17, Apx. p.2-3. The report instead concludes that plaintiff was likely injured when he wrecked the stolen car he was driving and that plaintiff, who was trying to escape on foot, slid into the door of the police vehicle. His injuries were not consistent with being hit by the police car. And, dash cam video affirmed the investigative findings and not plaintiff's allegations. Id.

---

[3] In this case, the matters of public record include court documents reflecting plaintiff's pleas and convictions for carjacking and fleeing from Madurski.

6

As pleaded, plaintiff's complaint does no more than permit the court to infer the mere possibility of misconduct by Madurski. Plaintiff's alleged injuries were just as likely negligently caused, if indeed they were caused by Madurski at all. See Walton v. Salter, 547 F.2d 824, 825 (5th Cir. 1977)(no constitutional violation when an officer driving a police car accidentally collides with a person or vehicle). Moreover, the only case plaintiff has cited for the proposition that Madurski's conduct was clearly prohibited, Bunkley v. City of Detroit, 902 F.3d 552 (6th Cir. 2018), is not controlling here, much less on point. In Bunkley, the plaintiff, who was falsely arrested, charged, and convicted of a crime he did not commit, was not even on the scene of the underlying crime. Here, plaintiff, who had carjacked a vehicle from an elderly victim by ramming her car with his, was admittedly fleeing the scene in the stolen vehicle when he crashed and tried to escape on foot. He has not cited any authority prohibiting Madurski's conduct under the same or similar circumstances. See Dist. of Columbia v. Wesby, 138 S. Ct. 577, 590 (2018); White v. Pauly, 137 S. Ct. at 551-52. Accordingly, his claims against Madurski must be dismissed.

The court ORDERS that Madurski's motion to dismiss be, and is hereby, granted, and plaintiff's claims against Madurski be,

and are hereby, dismissed.

SIGNED May 10, 2019.

_____
JOHN McBRYDE
United States District Judge